# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARUTYUN BOYAJYAN,<br><br>  Movant,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>  Respondent. | **14-mc-00011 GSA**<br><br>**ORDER DENYING MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF THE RIGHT TO PRIVACY ACT OF 1978**<br><br>**(Doc. 1)** |

## INTRODUCTION

This is a miscellaneous action filed by Movant Harutyun Boyajyan ("Movant") challenging the Respondent, United States Department of Housing and Urban Development's ("HUD" or "Respondent") attempt to obtain access to financial records from Bank of America ("BOA"). Before the Court are: 1) the movant's Motion for Order Pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et seq* ("RFPA") (Doc. 1), and 2) HUD's response and affidavit filed *in camera* for ex parte review. Upon a review of the pleadings, the Movant's motion is DENIED.

1

**RELEVANT BACKGROUND**

The Movant seeks an order quashing a subpoena duces tecum served by HUD which seeks to obtain all documents related to the Movant's bank accounts at BOA from January 1, 2009 to December 5, 2013. (Doc. 5-2).  In support of the request, the movant has submitted a sworn statement objecting to the subpoena on the basis that : 1) the financial records are not relevant to a law enforcement inquiry because the movant has not been identified as a witness or defendant in any criminal or civil action, 2) the records are not relevant to any issues and the requests are overbroad, and 3) the request is vague and must be narrowly tailored to what the agency "really seeks to discover."  (Doc. 2). In response, HUD argues that the requests for financial records is related to a legitimate law enforcement inquiry, that the records are relevant, and that the government has complied with the requirements of the RFPA. The government therefore requests that the Court deny the Movant's request.

**LEGAL STANDARD**

As a general matter, the RFPA permits challenges by customers of financial institutions to government subpoenas.  See, 12 U.S.C. § 3410(a).  The RFPA was enacted by congress in response to the United States Supreme Court's ruling in *United States v. Miller*, 425 U.S. 435 (1976) wherein the Court held that bank customers had no Fourth Amendment right to privacy for financial information held by financial institutions.  *Rosiere v. United States Securities and Exchange Commission*, 2010 WL 489526 (D. Nev. 2010).  These challenge procedures constitute the sole judicial remedy available to customers who oppose the disclosure of their financial records pursuant to the RFPA. 12 U.S.C. § 3401 *et seq.*, 12 U.S.C. § 3410(e).

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution "may file a motion to quash an administrative summons or judicial subp[o]ena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request"

2

within "ten days of service or within fourteen days of mailing" of said summons or subpoena, with "copies served upon the Government authority."[1] The Supreme Court has held that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984).

If the court finds that the customer has complied with section 3410(a), it shall order the Government authority to file a sworn response, and the response may be filed in camera, provided the Government furnishes the reasons which make such review appropriate. 12 U.S.C. § 3410(b). See *Thomas v. U.S. Dept. of Homeland Sec.*, 876 F.Supp.2d 1, 5 - 6 (D.D.C., 2012). The court shall deny the motion or application if it "finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry[.]" 12 U.S.C. § 3410(c). There are only three grounds on which a district court may quash a subpoena: "(1) the agency's inquiry is not a legitimate law enforcement inquiry[;] (2) the records requested are not relevant to the agency's inquiry[;] or (3) the agency has not substantially complied with the RFPA." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir.1989); See also *In re Bank United F.S.B. (10061) Coral Gables, Fla.*, 2012 WL 1225931, at *4 (N.D. Cal. April 11, 2011) (The movant bears the burden of proving that the subpoena is overbroad or otherwise not in accordance with the requirements of the RFPA.); *Nimmer v. Securities and Exchange Commission*, 2011 WL 3156791 at *1 (D. Neb. July 26, 2011) ("The customer must state either the reasons the financial records are not relevant to a legitimate law enforcement inquiry, or that the Government authority has not substantially complied with the RFPA.") (citing 12 U.S.C. § 3410); See also 12 U.S.C. § 3405.

///

---

[1] Pursuant to 12 U.S.C. § 3401(5), " 'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name[.]" 12 U.S.C. § 3401(5).

**DISCUSSION**

As a preliminary matter, the Court has concerns that the Movant did not properly serve the government with his motion.[2] Moreover, the motion did not sufficiently meet the necessary criteria pursuant to 12 U.S.C. § 3401(a), as the sworn statement is very general and conclusory. Notwithstanding the above, the Court ordered that HUD respond to the motion pursuant to 12 U.S.C. § 3410(b), and it has timely done so. In the response, the government requests that its response be considered *in camera* and ex parte because it contains sensitive law enforcement information. 12 U.S.C. § 3410(b). Upon a review of the pleading, the Court grants the government's request for *in camera* and ex parte review. Given the sensitive nature of the material, however, the Court's discussion below is necessarily limited.

The gist of the Movant's argument is that the request for documents is overbroad and not relevant as the he has not been identified as a witness or defendant in any criminal or civil action. However, these reasons are not persuasive. The Court must deny the instant motion if: 1) there is a demonstrable reason to believe that the law enforcement inquiry is legitimate, and 2) the records sought are relevant to that inquiry. The showing of relevance need not be substantial and any records that "touch on a matter under investigation" are considered relevant. See *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd*., 878 F.2d at 882.

With respect to the first prong of the analysis, a review of the government's submission demonstrates that a legitimate law enforcement inquiry exists. Moreover, the customer notice the Movant received from the government advises him that the documents are requested based on

---

[2] 12 U.S.C. § 3410(a) requires that service of the motion be effectuated by delivering or mailing by *registered or certified mail*, file-stamped copies of the motion and the sworn statement to the person, office, or department specified in the notice which the customer received. The proof of service shall note the date the above documents were served, the method of service, as well as identify the person served. *Id*. Here, the Movant did not file a proof of service with the motion. (Doc. 1). The proof of service the Movant filed after the Court ordered him to do so, however, merely states that the documents were "mailed of delivered" on February 24, 2014, to the appropriate government official. (Doc. 5-1, pg. 1). In its response, the government contends that it never received the served papers, but was notified about the case after looking it up on the Court's electronic filing system.

allegations of fraud in the House Choice Voucher Program. (Doc. 5-2, pg. 1). With respect to relevancy, the Movant bears the initial burden of showing that the documents sought are not relevant. See *Davidov v. Sec. & Exch. Comm'n,* 415 F.Supp. 2d 386, 391 (S.D.N.Y.2006). If that burden is satisfied, HUD must show only that there is a reasonable belief that the records are relevant. *Id*. ("What need be shown is not probable cause, but good reason to investigate.") (citation and internal quotation marks omitted)).

Here, the movant only makes conclusory statements that the information is not relevant, that the request is overly board, and not narrowly tailored. However, these statements alone are not sufficient. The Court has reviewed the subpoena, as well as the basis for the subpoenaed documents and finds that the requests are relevant to a legitimate law enforcement inquiry. The Court also finds that the agency has complied with the RFPA. Accordingly, the Movant's Motion for an Order Pursuant to the Right to Financial Privacy Act is DENIED.

IT IS SO ORDERED.

Dated: **June 19, 2014**          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE